United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLOTEAL SWOOPES,

    Plaintiff,

  v.

BANK OF AMERICA, RISK
MANAGEMENT DEPARTMENT,
JOANNA GUZMAN, Banking Center
Manager, STEVE OWENS, Regional
District Manager, C.E.O. and Supervisor,
Risk Management Department, and DOES
ONE through FIVE,

    Defendants.
                                    /

No. C 08-04369 WHA

**ORDER RE MOTION TO DISMISS**

**INTRODUCTION**

Pro se plaintiff Cloteal Swoopes filed the complaint in this action on September 17, 2008. Defendant now moves to dismiss the action under FRCP 12(b)(6) and 12(b)(1). For the following reasons, defendant's motion is **GRANTED**.[1]

**STATEMENT**

Plaintiff filed this action seeking an order compelling defendant Bank of America and its employees to return plaintiff's bank deposits. Plaintiff alleges she deposited a total of $520 with defendant Bank of America. According to plaintiff, defendants "have acted in collusion outside banking laws by fraud and unlawfully depriving plaintiff Cloteal Swoopes of her

---

[1] Defendant Bank of America brings this motion and appears on behalf of itself and no other defendant. Defendant Bank of America asserts that the individual defendants were not properly served.

deposits" in violation of her due process rights under the United States Constitution (Compl. at III). Based on these allegations, plaintiff prays for return of $520 and for damages of $25,000.

Since filing the complaint, plaintiff has not prosecuted her case. Plaintiff has failed to appear or respond within the established deadlines despite Court orders and rules. For example, the Court issued a notice scheduling a case management conference for January 7, 2009, but plaintiff did not appear at the case management conference. Because of her failure to appear, plaintiff was ordered to show cause in a sworn written response why plaintiff's claims should not be dismissed for failure to prosecute. A hearing was set for January 28. Not only did plaintiff fail to provide a written response but she also did not show up for the hearing.

On January 14, defendant filed a motion to dismiss plaintiff's complaint. Because the motion was noticed for a February 26 hearing, plaintiff's opposition to the motion was due on February 5. This deadline was specifically outlined in defendant's motion for plaintiff's benefit. An opposition was not filed. On February 9, recognizing that plaintiff was pro se, the Court issued a notice providing plaintiff until February 17 to respond to defendant's motion and reminding "plaintiff that she did not appear for the January 7 case management conference or for the January 28 hearing on the order to show cause, and her continued failure to appear will likely mean dismissal" (Dkt. 17). Plaintiff did not respond to the motion by the February 17 deadline.

Instead, on February 18, plaintiff filed a memorandum saying she is filing a motion for extension of time and that "[d]ue to injuries I suffered and visit to physician and Hospital I have been unable to file the proper documents on my case against Bank of America" (Dkt. 18). Defendant opposed plaintiff's motion for extension of time. As defendant noted in its opposition, plaintiff provided, in an unsworn and informal memorandum, very little detail regarding the alleged injuries or medical visits. Even though her memorandum was not under oath and was highly abbreviated, the Court treated it as a motion and gave "plaintiff one last opportunity to file an opposition to the pending motion to dismiss" (Dkt. 20). The deadline was once again extended for plaintiff to file an opposition. This time plaintiff was given until March 5. The Court further stated "[p]laintiff is admonished that failure to file a timely and

persuasive opposition will result in the dismissal of her case.  The record does not justify any more extensions of time."  *Id.*  Nevertheless, plaintiff filed another motion for extension of time on February 26 (although dated February 12) stating:

> The plaintiff herein, Cloteal Swoopes, requests of the United States District Court an Extension of Time to file additional documents due to injuries suffered by said plaintiff, which required visits to physicians and hospital.  The same plaintiff was unable during intervening time of injuries to present proper documents to the United States District Court, for the Northern District of California."

An opposition was never filed.  Defendant has since filed a reply in support of its motion to dismiss.  A hearing was held on March 12, 2009.  While defendant's counsel made an appearance, plaintiff, yet again, did not show up.

## ANALYSIS
### 1. DENIAL OF MOTION FOR EXTENSION OF TIME

Despite three different deadlines and an admonishment that no further extensions would be provided, plaintiff still has not filed an opposition.  Instead, plaintiff filed another motion for extension of time.  The motion does not provide any new grounds to support her request for an extension.  Nor does plaintiff provide any details regarding the injuries and medical visits that prevented her from appearing or responding on repeated occasions.  Because plaintiff has been afforded numerous extensions and an opposition to the motion to dismiss cannot cure the defects in plaintiff's complaint, the motion for an extension of time is **DENIED**.

### 2. DISMISSAL UNDER FRCP 12(B)(6)

Defendant moves to dismiss plaintiff's complaint under Rule 12(b)(6) for failure to state a claim for relief.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *Epstein v.*

3

1  *Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  If dismissal is granted, leave to amend
2  is "only denied if it is clear that amendment would be futile and that deficiencies of the
3  complaint could not be cured by amendment."  *Lilley v. Charren*, 936 F. Supp. 708, 713 (N.D.
4  Cal. 1996).[2]

5       Alleging due process violations, plaintiff's complaint points to the First Amendment and
6  Fourteenth Amendment as the basis for her claims.  The complaint, however, does not
7  adequately set forth claims for any violation of constitutional rights.  Such claims may be
8  brought under 42 U.S.C. 1983, but plaintiff does not rely on this statute.  To state a claim for
9  relief under Section 1983, plaintiff must allege that rights secured by the Constitution or laws of
10  the United States were violated and that the alleged violations were committed under color of
11  state law.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Private
12  conduct, no matter how discriminatory or wrongful, does not suffice for the  "under color of
13  state law" requirement.  While private parties may be considered state actors for Section 1983
14  purposes in some circumstances, they are not deemed state actors unless "there is a sufficiently
15  close nexus between the State and the challenged action of the regulated entity so that the action
16  of the latter may be fairly treated as that of the State itself.  Whether such a 'close nexus' exists
17  depends on whether the State has exercised coercive power or has provided such significant
18  encouragement, either overt or covert, that the choice must in law be deemed to be that of the
19  State."  *Id.* at 52.

20       Here, plaintiff has not alleged that defendants are state actors.  It is not alleged that
21  defendants, for example, are public officials.  Instead, the complaint is based on the allegation
22  that defendants, including the bank and bank employees, allegedly withheld plaintiff's bank
23  deposits despite her efforts to withdraw the funds.  There is nothing in the complaint to even
24  suggest that defendants are state actors or that a close nexus exists between the action at issue
25  and the state.

26       Besides the alleged due process violations, plaintiff makes a passing reference to fraud,
27  but plaintiff has not pled specific facts to support a claim of fraud.  Rule 9(b) requires that "[i]n
28

---

[2] Unless otherwise indicated, internal citations and alterations are omitted from all quoted authorities.

4

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." For a fraud claim, plaintiff must allege there was a false representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages. *See Vess v. CIBA-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). None of these elements of fraud is clearly pled in plaintiff's complaint.

Plaintiff has failed to allege sufficient facts to form the basis of a claim for relief. Accordingly, defendant's motion to dismiss for failure to state a claim is **GRANTED**.

### 3. DISMISSAL UNDER FRCP 12(B)(1)

Defendant also moves to dismiss plaintiff's complaint under Rule 12(b)(1) for a lack of subject-matter jurisdiction. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Defendant here attacks jurisdiction facially by contending that the complaint itself demonstrates that this Court lacks subject-matter jurisdiction over this action.

The party seeking to invoke the Court's jurisdiction bears the burden of establishing subject-matter jurisdiction. A section of plaintiff's complaint is labeled "federal jurisdiction." It appears that plaintiff attempts to invoke federal question jurisdiction by pleading violations of constitutional due process rights and averring that the First Amendment "gives citizens the right to petition the government for a redress of grievances" (Compl. at I). As stated above, the claims for violation of constitutional rights fail because plaintiff has failed to allege state action. The instant dispute involves defendant Bank of America, a private entity (and other private banking employees). As such, plaintiff's due process claim does not establish the requisite subject-matter jurisdiction. Furthermore, diversity jurisdiction cannot provide an independent jurisdictional basis for plaintiff's claim because the amount plaintiff is claiming is not over $75,000. Accordingly, defendant's motion to dismiss for a lack of subject-matter jurisdiction is **GRANTED**.

5

**CONCLUSION**

Plaintiff has failed to state a claim and to establish subject-matter jurisdiction. Given plaintiff's non-responsiveness and the weakness of the pleadings, the Court has determined that amendment of the pleadings would be futile. The complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: March 12, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE